UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DANNY KNOX                                                                                     PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:13-CV-424-S

PRUDENTIAL INS. CO. OF AMERICA                              DEFENDANT

**OPINION AND ORDER**

This matter is before the court on the plaintiff's motion to compel document discovery. (DN 41). The plaintiff, Danny Knox, is the beneficiary of, and estate representative for, Karen Knox. Mrs. Knox was insured under a long term disability insurance policy ("LTD Policy") and a life and accident insurance police ("Life Policy"). These policies were issued, underwritten and administered by the defendant, Prudential Insurance Company of America. The plaintiff filed suit to recover benefits due or to enforce rights under these policies, under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). The court referred discovery and non-dispositive matters to the undersigned magistrate judge, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), for adjudication. For reasons stated below, the court will grant the plaintiff's motion to compel in part.

**I.**

Mrs. Knox ceased work on April 6, 2009, and applied for LTD benefits. Prudential agreed she was totally disabled and began paying her a disability monthly income under the LTD Policy and a waiver of premiums under the Life Policy. As required under the terms of these

policies, Mrs. Knox applied for Social Security Disability benefits, which were approved, resulting in a reduction of her monthly disability income by a similar dollar amount.

Prudential continued to pay disability monthly income and waiver of premiums to Mrs. Knox until July 6, 2011. The plaintiff avers that despite a lack of improvement in her condition and contrary to the medical evidence, Prudential arbitrarily terminated all disability benefits under the policies. Mrs. Knox exhausted her appeals and Prudential upheld its decision to terminate her disability benefits.

Mrs. Knox died on November 11, 2011. The plaintiff represents the coroner ruled her death was accidental, resulting from a house explosion and a fire.

In addition to Prudential's eventual denial of disability benefits, the LTD policy provides a survivor benefit of $2,236.00, the sum equal to three additional months of her gross disability payment. The plaintiff avers Prudential has failed to pay to Mrs. Knox's survivor, her spouse, Danny Knox, these survivor benefits. The plaintiff further contends that Mr. Knox is the beneficiary for Mrs. Knox's life and accidental death insurance benefits of $200,000 as well as an accidental insurance benefit of an additional $200,000. The plaintiff claims that Prudential has failed to pay Mr. Knox the life and accidental death insurance benefits.

With regard to Prudential's administration of Mrs. Knox's disability claims, the plaintiff avers that Prudential actively sought to terminate her claim, including mischaracterizing her medical conditions (the severity of her sleep apnea), ignoring the disabling effects of her fibromyalgia, ignoring examination results supporting her restrictions and limitations, and disregarding the opinions of her treating physicians. The plaintiff further contends that Prudential

did not have Mrs. Knox physically examined by a physician licensed to practice medicine in Kentucky but relied on the opinions of its paid medical reviewers.

The plaintiff asserts that Prudential was operating under an inherent and structural conflict of interest because the policy benefits were paid from Prudential's own assets. The plaintiff claims that as a result of this inherent bias, Prudential's claims personnel are trained to make coverage decisions which are reasonable rather than accurate.

## II.

Under ERISA, the plaintiff must show that the administrator's denial of benefits or interpretation of the plan was arbitrary and capricious or constituted an abuse of discretion. *Firestone Tire & Rubber Co. v Bruch*, 489 U.S. 101, 115 (1989) (stating that principles of trust law undergird ERISA's statutory framework). More recently, the Supreme Court of the United States observed, "Often the entity that administers the plan, … such as an insurance company, both determines whether the employee is eligible for benefits and pays benefits out of its own pocket. We here decide that this dual role creates a conflict of interest; that a reviewing court should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits; and that the significance of the factor will depend on the circumstances of the particular case." *Metropolitan Life Ins. Co. v. Glenn*, 544 U.S. 105, 108 (2008) (citing *Firestone*, 489 U.S. at 115).

Before *Glenn*, ERISA discovery in this judicial circuit was routinely limited to the administrative record. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998). *Wilkins* recognized an exception, nevertheless, for "procedural challenges" to the administrator's

decision, "such as an alleged lack of due process afforded by the administrator or alleged bias on its part," but clarified that discovery should be limited to such procedural challenges. *Id.*

The defendant argues the plaintiff is not entitled to such due-process, or non-record, discovery because the plaintiff alleges bias or structural conflict of interest in conclusory fashion – an insufficient showing under the *Wilkins* exception for due-process discovery. The magistrate judge disagrees.

In the complaint, the plaintiff provides more than a conclusory allegation of bias or conflict of interest. The plaintiff alleges that the policies at issue do not permit Prudential to rely on medical reviews and, instead, requires Prudential to have an insured physically examined.[1] The plaintiff continues that Prudential relied solely on the opinion of paid medical reviewers, who are under contract to provide such services. The paid medical reviewers, moreover, provided the defendant with final reports, containing an opinion of coverage. The plaintiff seeks the reviewers' documentation underlying such final reports, as well as information including the rate structures and contractual terms governing their services. The plaintiff contends that in the absence of a required, physical examination, the defendant disregarded both the opinion of the treating physician and the social security disability decision of disability.

The defendant does not dispute or address the plaintiff's claim that the policy requires a medical examination, but cites to *Cooper* for the proposition that such discovery is irrelevant, *Cooper v. Life Ins. Co. of N. Am.*, 486 F.3d 157, 167 (6th Cir. 2007). In contrast to the case at hand, the administrator in *Cooper* retained the option not to conduct its own medical

---

[1] Compl. ¶ 22.

4

examination. Because the administrator simply elected not to conduct such an examination, the court reasoned that sole reliance on medical review was no indicia of bias. *Id.*

The magistrate judge concludes the plaintiff's specific allegations do provide a sufficient showing of a structural, inherent conflict of interest or potential for bias. *See Pemberton v. Reliance Std. Life Ins. Co.*, 2009 WL 89696 *2 (E.D.Ky. Jan. 13, 2009) (J. COFFMAN, stating that the plaintiff satisfied *Wilkins* by showing an actual conflict existed, more than a mere allegation of bias). The degree and significance of that conflict has yet to be determined, and the plaintiff has a right to discovery of such information. Such discovery is important to enable the court to evaluate under *Glenn* whether the conflict of interest or bias resulted in an abuse of discretion.

The defendant further objects to the document requests on grounds that the information sought exceeds the narrow parameters of permissible, non-record discovery. The plaintiff argues discovery may reveal that the denial of benefits was based on a financial incentive by the defendant for bias by the reviewers. In fact, compensation arrangements and financial incentives, in addition to the administrator's failure to conduct a physical examination, raise questions about the thoroughness and accuracy of the benefits determination. *See Cooper*, 486 F.3d at 167; *see also Pemberton*, at *3 (permitting discovery of contractual connections with reviewers, financial payments, and statistical data). In the magistrate judge's view, the plaintiff's discovery requests are reasonably tailored to obtaining information relevant to the degree and significance of conflict and bias.

The magistrate judge further concludes that the plaintiff has been sufficiently diligent in his efforts to timely obtain the requested non-record discovery and that the defendants' timeliness objection should be **OVERRULED**.

**III.**

**A. Administrative Record Discovery**

The defendant has produced under seal "a complete administrative record" on or about September 18, 2013. The plaintiff seeks information to test whether such declaration is accurate. Because the outstanding discovery may moot this controversy, the court **will deny** compelling discovery of this issue, granting the plaintiff leave to revisit this issue later, if necessary.

**B. Resolved Document Discovery**

During the course of this motion practice, counsel have agreed or otherwise resolved some of the discovery requests. **The defendant shall provide responses to these requests for production, 6, 7, 11, 33 through 40, no later than 30 days from the date of this Order.**

**C. Protective Order**

The parties remain unable, however, to resolve issues concerning the scope of a protective order sought by the defendant. The plaintiff argues that the defendant has failed to move for a protective order and that the issue is therefore not properly before the court. The court disagrees with the plaintiff, however.

The parties' negotiations apparently faltered with the defense demand that the information be held for attorney's eyes only and that the plaintiff be precluded from using the information in future litigation. The court agrees that the defendant's demand on this points are too restrictive and fail to strike the right balance between the plaintiff's right to the evidence and the defendant's need for protection. Attorney-eyes only accomplishes little in the way of shielding the defendant's proprietary information from competitors (e.g., rate structures and the

like). Moreover, the defendant's interest to further shield such information (e.g., compensation) from individual reviewers does not outweigh the plaintiff's right and interest to such information.

With this guidance, the court will direct the parties to submit, **no later than 30 days from the date of the Order**, a protective order reflecting the parties' negotiated terms, excluding the future litigation/attorney-eyes only restrictions. The court will order the protective provisions, if necessary, rather than enter an agreed protective order. If after consultation, counsel are unable to comply with this paragraph, counsel shall so advise the court by calling chambers to schedule an in-person conference, **no later than 30 day**s from the date of this order.

**D. Disputed Non-Record Discovery**

The magistrate judge will provide more guidance specific to the discovery requests, as follows:[2]

**Requests 1-5:** Objections **OVERRULED**. The requests seek relevant, narrowly tailored information, i.e., medical reviewer contracts, including the internal reviewer "Alsup," who provided service in the plaintiff's social security disability case.

**Request 8:** Objections **SUSTAINED**. The retention policies are not at issue nor likely to lead to the discovery of admissible evidence.

**Requests 9-10**: Objections **SUSTAINED**. The defendant represents the personnel involved have been previously identified. The defendant remains under a duty to supplement.

---

[2] See Pla's Reply at ¶ 4 (DN 52).

| | |
|---|---|
| **Request 12:** | Objection **SUSTAINED**. The relevance of the computer systems used in the last five years is not established. |
| **Requests 13, 14, 17, 20, 23, 26:** | Objections **OVERRULED**. It is not established that the defendant has no legal right to obtain documentation underlying a final report prepared by its medical reviewer contractor. |
| **Request 15:** | Objection **OVERRULED**. The defendant shall produce all social security documents in its possession, as requested, unless included in the administrative record previously produced. |
| **Requests 29-31:** | Objections **OVERRULED**. The requests seek status/outcome reports which may be redacted to protect patient privacy and are relevant in the same vein as the discovery permitted in *Pemberton*. |
| **Request 42:** | **MOOT**. The defendant represents these documents are included in the previously-produced administrative record. |
| **Request 44:** | Objections **SUSTAINED**. Prudential's annual rate of return in this stage of litigation is premature (disgorgement claim) and the request itself is overly broad. The plaintiff may renew this request at a later time, if necessary. |
| **Requests 45-48:** | **MOOT.** The defendant represents there are no documents responsive to these requests. |

**IV.**

Also pending before the court are third-party subpoenas requesting similar document information from the paid medical reviewers (non-parties). (DNs 38, 24, 23). The plaintiff seeks all underlying documentation of the final report provided to Prudential. The permissible reach of discovery is in contention. Judge Coffman in *Pemberton* struck the proper balance, in the magistrate judge's view, which would permit discovery of more than the final report yet short of personnel reviews, or employee files of employed reviewers.

Counsel are to consult and attempt an informal resolution of this dispute, with the guidance of the rulings in this Opinion and Order**.** If counsel are unable to reach an agreement, counsel shall so advise the court by calling chambers for an in-person conference, **no later than 30 days from the date of this order.**

**V.**

The plaintiff moves to extend the scheduling order deadlines (DN 40). The defendant objects that no discovery outside the administrative record is permissible and that the plaintiff waited until the eve of the deadlines to request such discovery and to file the motion to compel. The magistrate judge has ruled that the plaintiff is entitled to non-record discovery, and further concludes that good cause exists to extend the deadlines.

Counsel are to consult and to file an agreed scheduling order **no later than thirty days from the date of this order.**

**IT IS SO ORDERED.**

**DATE:**