UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DANNY KNOX                                                                                    PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:13-CV-00424-CRS

PRUDENTIAL INSURANCE COMPANY                                                   DEFENDANT
OF AMERICA

### MEMORANDUM OPINION

This matter is before the Court on the objection of Plaintiff Danny Knox to the magistrate judge's order denying discovery of certain underlying or collateral materials related to the medical review of a long-term disability benefits claim (DN 74). For the following reasons, the Court will overrule Plaintiff's objection.

**I.  BACKGROUND**

Plaintiff's wife, Karen Knox, was insured under a long-term disability ("LTD") insurance policy and a life and accident insurance policy, both of which Defendant Prudential Insurance Co. of America issued, underwrote, and administered. (Compl., DN 1, ¶¶ 6, 8.) On April 6, 2009, Karen Knox ceased work and applied for LTD benefits. (Compl., DN 1, ¶ 9.) Defendant initially accepted Karen Knox's claim of total disability, paying her a monthly benefit under the LTD policy and waiving her premiums under the life and accident policy. (Compl., DN 1, ¶ 10.)

Plaintiff alleges that, on July 6, 2011, Defendant arbitrarily terminated Karen Knox's disability benefits and the waiver of her premiums, undeterred by the medical evidence supporting her claim. (Compl., DN 1, ¶ 12.) Though Karen Knox exhausted her appeals, Defendant upheld its decision to deny benefits. (Compl., DN 1, ¶ 13.)

-1-

Karen Knox died on November 11, 2011. (Compl., DN 1, ¶ 14.) Plaintiff alleges that the coroner ruled her death an accident, resulting from a house explosion and fire. (Compl., DN 1, ¶ 14.) Karen Knox's LTD policy provides for a survivor benefit equal to three additional months of her gross disability payment. (Compl., DN 1, ¶ 16.) Furthermore, Plaintiff claims to be the beneficiary of Karen Knox's life and accident insurance policy, which confers a basic life insurance benefit of $200,000 and an added $200,000 benefit in cases of accidental death. (Compl., DN 1, ¶ 17.) Plaintiff alleges that Defendant refused to pay him any benefits under the LTD policy and the life and accident policy. (Compl., DN 1, ¶ 18.)

On April 24, 2013, Plaintiff, individually and as administrator of his wife's estate, commenced this action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). (Compl., DN 1, ¶ 6.) Plaintiff seeks to recover benefits that he claims were wrongfully denied under the respective insurance policies of Karen Knox. (Compl., DN 1, ¶¶ 28–35.) Additionally, Plaintiff alleges that Defendant operated under an inherent and structural conflict of interest as the administrator of Karen Knox's LTD claim because any approved benefits were paid from Defendant's own assets. (Compl., DN 1, ¶¶26–27.)

To investigate the alleged conflict, Plaintiff sought discovery from Defendant and its nonparty medical reviewers—Medical Evaluation Specialists, Inc. ("MES") and MLS Group of Companies, Inc. ("MLS"). Plaintiff's requests for production of documents (Requests 13–14, 17, 20, 23, 26, 29–31) sparked several disputes regarding the permissible scope of conflict discovery in an ERISA action. On October 16, 2014, the magistrate judge entered an order resolving the outstanding discovery issues and thereby setting the limits for Plaintiff's conflict investigation (DN 73). Plaintiff now objects to the magistrate judge's order and calls upon this

Court to modify that order, allowing more extensive discovery concerning the conflict of interest (DN 74). The discussion that follows addresses each area of contested discovery in detail, including the information sought and the magistrate judge's conclusions.

## II.     STANDARD

The Court must consider a timely objection to the order of a magistrate judge on a nondispositive matter and "modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636. The clearly erroneous standard applies to the magistrate judge's factual findings, which may be rejected only if the Court holds "a definite and firm conviction that a mistake has been committed." *Heights Cmty. Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). Under that standard, the Court does not ask whether the magistrate judge reached "the best or only conclusion that can be drawn from the evidence." *Tri-Star Airlines, Inc. v. Willis Careen Corp. of L.A.*, 75 F. Supp. 2d 835, 839 (W.D. Tenn. 1999). "Rather, the clearly erroneous standard only requires the reviewing court to determine if there is any evidence to support the magistrate judge's finding and that the finding was reasonable." *Id.*

The magistrate judge's legal conclusions, on the other hand, are subject to the plenary contrary-to-law standard. *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992). A legal conclusion is contrary to law when it contradicts or ignores applicable precepts of law, as found in the Constitution, statutes, or case precedent. *Id.* Therefore, the Court must exercise "independent judgment" in reviewing the legal conclusions of the magistrate judge. *Id.*

## III.    DISCUSSION

In an ERISA action, the Court generally subjects an administrator's denial of benefits to de novo review. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S. Ct. 948, 103

L. Ed. 2d 80 (1989). However, a more deferential standard of review applies where a plan vests the administrator with discretion to determine eligibility for benefits or construe the plan's terms. *Id.* at 111, 115. Under those circumstances, the denial of benefits will stand unless the administrator's decision was arbitrary or capricious. *Id.* If a plan gives discretion to an administrator that is operating under a conflict of interest, the Court must weigh that conflict as a factor in determining whether the administrator abused its discretion. *Id.* at 115. A well-recognized conflict of interest arises when "the entity that administers the plan, such as an employer or an insurance company, both determines whether an employee is eligible for benefits and pays benefits out of its own pocket." *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108, 128 S. Ct. 2343, 171 L. Ed. 2d 299 (2008). As previously noted, Plaintiff alleges that Defendant operated under this type of conflict when it denied benefits to Karen Knox. (Compl., DN 1, ¶¶ 26–27.) What remains at issue here is the extent to which Plaintiff may use discovery to unearth evidence supporting that conflict's significance.

      The Court's review of a denial of benefits under ERISA is ordinarily confined to the administrative record, and any outside evidence—materials not presented to the administrator—may not be admitted or considered. *Wilkins v. Baptist Healthcare Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998). The limited scope of ERISA review furthers the statute's primary goal of "provid[ing] a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously." *Perry v. Simplicity Eng'g*, 900 F.2d 963, 967 (6th Cir. 1990). Nonetheless, an exception to review based solely on the administrative record does exist for outside evidence "offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part." *Wilkins*, 150 F.3d at 619. Of course, establishing a lack of due process, bias, or, as relevant here,

the weight of a conflict of interest may require discovery, but any such discovery must be strictly limited to proof of the procedural challenge at issue. *Id.* The discovery permitted for a procedural challenge is certainly not automatic or unbounded. *Johnson v. Conn. Gen. Life Ins. Co.*, 324 F. App'x 459, 466–67 (6th Cir. 2009). The Court retains discretion "to evaluate and determine whether and to what extent limited discovery is appropriate in furtherance of a colorable procedural challenge." *Id.* at 467.

Plaintiff seeks what he calls medical review materials, or underlying or collateral materials to the final report, to support his conflict-of-interest challenge. The magistrate judge sustained Defendant's objection to further production of documents on this subject based on the representation that Defendant produced all responsive documents in its possession. (Order, Oct. 16, 2014, DN 73, at 2–3.) Plaintiff offered no evidence that Defendant's representation of full disclosure is false. Therefore, the Court will not disturb the magistrate judge's order disallowing discovery of medical review materials from Defendant as clearly erroneous or contrary to law.

The remaining discovery disputes concern MES and MLS—the nonparty medical reviewers. First, MES and MLS objected to Plaintiff's requests for production of materials related to the qualifications of reviewing physicians. The magistrate judge sustained that objection, relying on *Pemberton v. Reliance Standard Life Insurance Co.*, No. 08-86-JBC, 2009 WL 89696, at *4 (E.D. Ky. Jan. 13, 2009). (Order, Oct. 16, 2014, DN 73, at 3.) The *Pemberton* court reasoned that, without indicating a specific report or reviewer that exhibits bias, "information regarding the training and qualifications of reviewers is unlikely to lead to evidence concerning either the conflict of interest or bias." *Pemberton*, 2009 WL 89696, at *4. Here, the magistrate judge's refusal to allow extensive discovery on the qualifications of reviewing physicians is consistent with *Pemberton*. Plaintiff failed to point out any specific instance of

bias. Instead, Plaintiff proposed a dragnet approach for finding evidence to bolster the conflict of interest. Given the direct legal authority supporting the magistrate judge's ruling, the Court concludes that he neither committed clear error nor decided the issue contrary to law. Accordingly, the Court will not modify the order limiting discovery related to physicians' qualifications.

Second, the magistrate judge sustained the objection of MES and MLS to the production of draft reports, quality-control notes and edits, and computer screen prints. (Order, Oct. 16, 2014, DN 73, at 3.) The magistrate judge observed that MES and MLS considered such information strictly internal and did not disclose the requested materials to Defendant along with their respective final reports. Furthermore, the magistrate judge reasoned that, because those internal materials played no role in Defendant's decision to deny benefits, such evidence would not aid the conflict-of-interest analysis. *See Bell v. Ameritech Sickness & Accident Disability Benefit Plan*, 399 F. App'x 991, 998–99 (6th Cir. 2010). Here, the Court detects no error in the magistrate judge's reasonable factual findings or his thoughtful application of precedent in defining the contours of conflict discovery. Therefore, the Court will not modify the magistrate judge's order as it pertains to draft reports, quality-control notes and edits, and computer screen prints.

Finally, the magistrate judge sustained MES and MLS's objection to requests for production of status and outcome reports. (Order, Oct. 16, 2014, DN 73, at 3.) According to Plaintiff, those status and outcome reports consist of statistical data showing the number of claim files sent to reviewers and the number of resulting denials. (Objections to Magistrate Judge's Disc. Order, DN 74, at 6.) The magistrate judge concluded that discovery of this information was unwarranted for two reasons. First, the magistrate judge again showed concern that the

materials lacked any utility in a conflict-of-interest analysis.  Second, the magistrate judge accepted the representation of MES and MLS that they do not generate the requested information.  While MES and MLS, with some effort, could likely compile the statistical data sought by Plaintiff, the Court nevertheless agrees with the magistrate judge's conclusion.  An administrator's decision to deny benefits may be influenced by a broad range of legitimate factors.  Statistical data, amassed from the results of many unrelated benefit claims, would not account for the individualized circumstances leading to the decision in each case.  The Court will not alter the magistrate judge's order to allow the discovery of status and outcome reports.

The Court concludes that the magistrate judge's order limiting discovery was proper in its entirety.  Accordingly, Plaintiff's objection to the order will be overruled, and discovery shall proceed as the magistrate judge directed.

**IV.   CONCLUSION**

For the reasons stated above, the Court will overrule Plaintiff's objection to the order of the magistrate judge (DN 74).  A separate order will be entered this date in accordance with this Memorandum Opinion.

December 9, 2014

Charles R. Simpson III, Senior Judge
United States District Court